Gusweiler, J.
This ease is a very unusual one. Plaintiff, a minor four years of age, boarded one of defendant’s cars for the purpose of going to school. The petition alleges. that some time before plaintiff had reached his destination the conductor walked to the front of the car and for a distance of three or four blocks remained in conversation with the motorman, neglecting to attend to his duties toward passengers upon the ear; that the bell, notifying the conductor to stop the car at plaintiff’s destination, was rung but that the conductor “by reason of his negligence in being at the front of the car” did not stop the car; that he, plaintiff, walked to the rear platform for the purpose of preparing to leave at the place of destination, and that he was thrown from the car while it was turning the corner of Park avenue and Chapel street.
*608 The ease is one of first impression. The duties of a conductor toward the passengers upon the car are fairly well defined, but so far as we are informed there is no rule of law which prevents the conductor from going forward at any particular time for the purpose of talking with the motorman.
The traction company in law owes the highest degree of care for the safety of its passengers in the practical operation of its cars. The age of the child and all the circumstances surrounding the accident must of course be taken into consideration. The mere fact that the conductor was forward in the car talking to the motorman, of itself alone does not indicate negligence as a matter of law; but if he failed to give to this child four years old the greatest degree of car for his safety under all the circumstances, and the bell was rung and said conductor failed to heed said bell and remained with the motorman for three of four blocks of the car’s movement, ,and it is found that his negligence in this respect was the proximate cause of the child’s injuries, the traction company would be responsible.
Whether the conductor’s action in this regard was in any way negligent, or whether it prevented the performance of his duties toward the passenger, can be determined only when the facts are presented upon the trial of the case. Accordingly we think that the demurrer should be overruled. The same question may, of course, be raised by a motion to direct a verdict at the close of plaintiff’s testimony.